# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| LARRY WAYNE ADAMS, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:06-CV-141 (CDL) |
| | * | 28 U.S.C. § 2254 |
| DON JARRIEL, Warden, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. Petitioner was notified of his right to respond to the Motion and filed what the Court has deemed a Response on March 1, 2007. The procedural history of ths case reveals that Petitioner Adams, who is currently incarcerated in the Smith State Prison in Glennville, Georgia, pled nolo contendre to a violation of his probation and was convicted on March 23, 2004, in Muscogee County, Georgia. Petitioner's probation was thereafter revoked and he was sentenced to serve six years in prison.

In his Motion to Dismiss (R- 8), the Respondent contends that the Petitioner has failed to file any state habeas action regarding the revocation of his probation, thus requesting that the court dismiss the application as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been

exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

The Petitioner states that after he was sentenced, he filed a motion to vacate and set aside his sentence pursuant to O.C.G.A. § 9-11-60 and a motion to modify or reduce his sentence in the Muscogee County Superior Court, both of which were denied. Nowhere, however, does Petitioner mention any state habeas petition having been filed regarding his probation revocation, nor can the Respondent find any record of any state habeas action filed by this Petitioner.

As stated above, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this

case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 7th day of March, 2007.

s/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw